NO. 04 CR 2127 F

THE STATE OF TEXAS

VS.

RUDY RUBIO

\* \* \* \* \* \* \* \*

IN THE 214TH DISTRICT COURT
NUECES COUNTY, TEXAS

JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE TO THE COURT
DEFERRED ADJUDICATION

Defendant was charged by indictment with the offenses of COUNTS 1-4: INDECENCY WITH A CHILD, all felonies of the SECOND DEGREE. This case was called for trial on MARCH 8, 2005. The parties appeared and announced ready for trial. The following attorneys appeared: for the State, JULIE HAMPTON; for the defendant ALBERT PENA. The defendant was personally present with defendant's counsel during the trial.

The defendant stood charged with the offenses of COUNTS 1-4: INDECENCY WITH A CHILD and waived trial by jury. The Court approved the waiver after finding that all of the requirements of Article 1.13, Texas Code of Criminal Procedure, had been met.

Defendant waived reading of the indictment and entered a plea of guilty. The Court inquired as to the existence of any plea bargaining agreement. The parties informed the Court that one existed and advised the Court of its terms. Before making any finding on the plea the Court informed the defendant that it would follow the agreement.

Before accepting the plea, the defendant was advised by the Court of the elements of the offenses, of the applicable range of punishment, and further admonished as required by Article 26.13, Texas Code of Criminal Procedure. The defendant was further advised that if the defendant was not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Before accepting the plea, the Court found that the defendant was mentally competent. The Court found that the plea was being made knowingly, freely, and voluntarily. Based on representations by defendant and defendant's counsel, the Court finds that defendant has received effective assistance of counsel.

Evidence was submitted on the issues of guilt and punishment.

SCANNED

APR - 8 2005

Judgment Page 1

PATSY PEREZ, DISTRICT CLERK
NUECES COUNTY

The Court accepts the defendant's plea of guilty, and based on the evidence submitted, the Court finds beyond a reasonable doubt that the evidence substantiates the defendant's guilt, but further finds that the best interest of society and the defendant will be served by deferring further proceedings without an adjudication of guilt and by placing the defendant on community supervision for a period of FIVE YEARS and by assessing a fine of $1,000.00. The State of Texas shall have and recover of the Defendant all costs for this prosecution in the amount of $ 208.00 for which let execution issue.

The Court further finds beyond a reasonable doubt that the defendant, as a result of defendant's criminal conduct, caused monetary damages in this case in the amount of $-0-.

The Court finds beyond a reasonable doubt that the offenses were committed on COUNT 1: APRIL 1, 2001, COUNT 2: APRIL 1, 2002, COUNT 3: APRIL 1, 2003, and COUNT 4: APRIL 1, 2004.

In accordance with these findings, it is ordered, adjudged, and decreed that further proceedings in the cause are deferred and the defendant is placed on community supervision for a period of FIVE YEARS and by a fine of $1,000.00; that defendant make restitution to the victim in the amount of $-0-; and that the State of Texas have and recover of the defendant all costs for this prosecution in the amount of $ 208.00 and the fine for which let execution issue. The community supervision term and the terms and conditions of community supervision are set out in a supplementary order to this judgment. As a condition of community supervision the defendant shall serve a term of ninety (90) days in the Nueces County Jail. The clerk of the court shall furnish a copy of the terms and conditions to the probationer and shall note the date of delivery on the docket.

Signed and entered on this date: MARCH 9th, 2005.

JOSE LONGORIA
JUDGE PRESIDING

Judgment Page 2

NO. ____04____-CR-____8127____-____F____

THE STATE OF TEXAS VS. __Rudy Rubio__
IN THE __214__TH DISTRICT COURT, NUECES COUNTY, TEXAS

## PLEA AGREEMENT

The defendant, __Rudy Rubio__, who is charged by information/indictment in this case with the offense of __Cts 1-4 Indecency w/ a Child (2nd)__ agrees:

( ✓ ) to plead (guilty)/~~nolo contendere~~ to the offense of __Cts 1-4 Indecency w/ a Child (2nd)__.
( ✓ ) to waive all pretrial motions on file.
( ✓ ) to waive his/her right against self incrimination and make a written/oral judicial confession under oath.
( ✓ ) to be punished as recommended by the State.
(   ) to make restitution to the victim, _____, in the amount of _____.

In consideration of the defendant's plea of (guilty)/~~nolo contendere~~, the State agrees:

(   ) to recommend to the Court that punishment be assessed at confinement in the Institutional Division of The Texas Department of Criminal Justice for a term of _____ years.
(   ) to recommend to the Court that punishment be assessed at confinement in the Nueces County Jail for a term of _____ months/days.
(   ) to recommend to the Court that punishment be assessed at confinement in a State Jail Facility for a term of _____ days/months/years.
(   ) to recommend to the Court that the Defendant be ordered to pay restitution to the Texas Department of Public Safety for the cost of drug analysis in the amount of $140.00.
( ✓ ) to recommend to the Court that the Defendant be punished by a fine of __$1,000.00__.
(   ) to recommend to the Court that the fine of _____ be suspended.
(   ) to recommend to the Court that the confinement be suspended and that the term of community supervision be for a period of _____ months/years.
( ✓ ) to recommend that the Court defer adjudication of guilt and place the Defendant on community supervision for __5__ (years)/~~months~~. (Counts 1-4)
( ✓ ) to recommend to the Court that as a condition of community supervision, that Defendant be ordered to: __Sex offender caseload__

(   ) to recommend that the sentence in this case run concurrent/consecutive with the sentence(s) imposed in _____.
(   ) to make no recommendation as to whether this sentence should run concurrent/consecutive with any other sentence.
(   ) to prosecute on the lesser included offense of _____.
(   ) to dismiss the portion of the enhancement paragraph in the indictment alleging the following convictions: _____.
(   ) to dismiss the following unadjudicated charges pending against the defendant: _____.

SX-1

( ) to recommend to the Court that defendant be punished under Penal Code Section 12.44.
( ✓ ) to consent to the Court's consideration of the following unadjudicated offenses in determining punishment as permitted under Penal Code Section 12.45: 2005-0745-3
( ) to make no recommendation on punishment.
( ) Other agreements: _____

Attorney for the defendant approves the agreements made by the State and the defendant.

The defendant understands the following (1) that should the Court reject this agreement, he shall be permitted to withdraw his plea of guilty or nolo contendere, and neither the fact that he had entered the plea nor any statements made by him at the hearing on the plea may be used against the defendant on the issue of guilty or punishment in any future criminal proceeding; (2) that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, he cannot appeal his conviction without permission of the Court for nonjurisdictional defects or errors that occurred before entry of the plea; (3) and that he may appeal his conviction only on matters raised by written motion and ruled on before [trial].

DEFENDANT

DEFENSE ATTORNEY

PROSECUTOR